STATE

v.

**Carmino DISTANTE et al.**

No. 81–578—Appeal.

Supreme Court of Rhode Island.

Jan. 7, 1983.

Reargument Denied Jan. 31, 1983.

Dennis J. Roberts, II, Atty. Gen., Daniel J. Schatz, Sp. Asst. Atty. Gen., for plaintiff.

Hogan & Hogan, Thomas S. Hogan, East Providence, for defendants.

## OPINION

**WEISBERGER, Justice.**

These are cross-appeals from a judgment entered in the Superior Court denying and

dismissing a complaint filed by the Attorney General on behalf of the State of Rhode Island seeking an injunction prohibiting further filling and requiring restoration of certain alleged wetlands owned by the defendants in the town of East Greenwich. The trial justice found, inter alia, that the state had failed to prove that the lots in question constituted fresh-water wetlands as defined by the relevant statute, G.L.1956 (1976 Reenactment) § 2–1–20, and that the state had failed to prove that the defendants had placed fill upon their lands at any time after their coming into ownership of the tract in issue. We sustain the state's appeal in part, deny the defendants' cross-appeal, and remand the case for further proceedings.

One of the principal claims made by the state was that the land owned by defendants constituted a flood plain. The trial justice rejected this finding with the following statement:

"While there is some proof that the land lies in the flood plain as 'flood plain' is defined by HUD, there is no evidence whatsoever from this source that the water flooded upon this river for a significant part of the growing season."

In so holding, the trial justice misconceived the definition of flood plain as set forth in § 2–1–20(c):

"The term 'Flood plain' as used in this chapter shall be that land area adjacent to a river or stream or other body of flowing water which is, on the average, likely to be covered with flood waters resulting from a one hundred (100) year frequency storm. A one hundred (100) year frequency storm is one that is to be expected to be equaled or exceeded once in one hundred (100) years; or may be said to have a one percent (1%) probability of being equaled or exceeded in any given year. Rainfall intensity data for a one hundred (100) year frequency storm are those established for New England locations by the national weather service (formerly the U.S. weather bureau)."

It should be noted that the foregoing definition does not include as an element any requirement that waters be flooded "upon this river for a significant part of the growing season." Since the trial justice erred in defining the term "flood plain," we remand the case to the Superior Court in order that said trial justice may reconsider the evidence in the light of the correct statutory definition of flood plain and make findings accordingly.

Further, the trial justice in his rescript stated:

"The State proved that the defendants owned the land, and that they suffered others to deposit fill on the land, but there is no evidence that the [D]istantes ever, personally, deposited any fill on Lot 21."

This statement, together with other conclusions of law contained in the trial justice's decision, constrains us to conclude that the trial justice would have required the state to prove that defendants personally placed fill upon the land (if it were determined to be a freshwater wetland) in order for the state to be entitled to injunctive relief. We believe this holding to be error.

Although defendants might not be subject to an equitable injunction to remove fill placed upon a fresh-water wetland by others who did not bear an agency relationship to them, they would be liable for fill placed by their own agents at their direction. It is a fundamental concept of agency that "a principal is subject to liability upon a transaction conducted by his agent, whom he has authorized * * * to conduct it in the way in which it is conducted, as if he had personally entered into the transaction." 1 Restatement (Second) *Agency* § 140, comment a at 349–50 (1957).

Consequently, if the state proved that the land owned by defendants did constitute a "flood plain" and if the state further proved that defendants, by their agents or servants, placed fill upon said land in violation of § 2–1–21, then the state

would be entitled to equitable relief in accordance with § 2–1–24.

We have considered the other issues raised by the state in support of its appeal and find that they are without merit.

■■■ The defendants in their cross-appeal challenge the constitutionality of § 2–1–24 on the ground of vagueness. We believe that this challenge in the context of a complaint for equitable relief is without merit. The defendants further challenge the constitutionality of the Wetlands Act as violative of the Fifth Amendment to the Constitution of the United States and art. I, sec. 16, of the Rhode Island Constitution, both of which prohibit the taking of property without just compensation. We are of the opinion that this constitutional challenge is not now ripe for adjudication.

■■ The defendants also argue that the amended complaint failed to state a claim upon which relief could be granted. This contention is predicated upon the identity of the party plaintiff. The defendants concede that § 2–1–24 authorizes the Director of the Department of Environmental Management to obtain relief in equity but point out that the case was brought by the State of Rhode Island rather than by the director. The statute provides specifically that the director "may institute such proceedings in the name of the state" and that "[i]t shall be the duty of the attorney general to conduct the prosecution of all such proceedings brought by the director." Consequently, the short answer to the defendants' argument is that the director has faithfully followed the statute and could not be faulted for doing so, much less should the complaint be dismissed for failure to state a claim upon which relief could be granted.

For the reasons stated, the appeal of the state is sustained in part, the cross-appeal of the defendants is denied and dismissed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.